```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RUDOLPH SCOTT,                                              :

                        Plaintiff,                          :

        -against-                                           :

NEW YORK CITY DEP'T OF CORRECTIONS, ET AL.,                 :

                        Defendants.                         :
------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/2/10
```

REPORT & RECOMMENDATION
10 Civ. 294 (PKC)(KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE P. KEVIN CASTEL, UNITED STATES DISTRICT JUDGE

On January 14, 2010, the plaintiff, Rudolph Scott ("Scott"), proceeding pro se, commenced the instant action, pursuant to 42 U.S.C. § 1983. The plaintiff has yet to file, with the Clerk of Court, proof of service of the summons and complaint on any defendant, and the time for effecting service has elapsed.

Fed. R. Civ. P. 4(m) provides, in pertinent part, that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Moreover, Fed. R. Civ. P. 41(b) authorizes the district court to dismiss an action for failure to prosecute or to comply with a court order. See LaSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001); Lucas v. Miles, 84 F.3d 532, 534-35 (2d Cir. 1996).

Since initiating the instant action, Scott has not effected service on any defendant within the 120-day period provided by Fed. R. Civ. P. 4(m), nor has he shown good cause for failing to do so. The plaintiff has demonstrated little interest in pursuing his case. On June 1, 2010, the George Motchan Detention Center ("GMDC"), the plaintiff's last known address, informed the Court that the plaintiff was released, on parole, on December 31, 2009. Since then, the plaintiff has failed to provide the Pro Se Office for this judicial district with his current address and contact information, despite the Pro Se Manual's direction to pro se litigants that they "must immediately notify the Pro Se Office in writing of any change of [] address[,]" and its caution that failure to provide such notification may result in dismissal of the

1

litigant's case. See A Manual for *Pro Se* Litigants Appearing Before the United States District Court for the Southern District of New York, p. 6 (2007). Scott's failure to provide the Pro Se Office his change of address, since his release from the GMDC approximately five months ago, prevents the Court from communicating with him about his case and renders the instant action idle.

## RECOMMENDATION

For the reasons set forth above, I recommend that the instant action be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 4(m) and 41(b).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable P. Kevin Castel, 500 Pearl Street, Room 2260, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Jones. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
June 2, 2010

Respectfully submitted,

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

2